IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VICTOR S. DUNCAN, SR.,**

    **Plaintiff,**

vs.                                      Case No. 4:06cv14-RH/WCS

**LEON COUNTY DETENTION
FACILITY, et al.,**

    **Defendants.**
_____/

REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the Clerk.  Plaintiff was originally directed to file an amended complaint on January 20, 2006, however, his copy of that order was returned undelivered to the clerk.   A check with Leon County Detention Facility revealed that the Plaintiff was released from custody on January 5, 2006, and provided the court with a forwarding address for the Plaintiff.  On February 2, 2006, this court entered another order directing Plaintiff to file an amended complaint and directed the clerk to mail the order to Plaintiff's new address. Doc. 8.  Once again, Plaintiff's copy of that order was returned to the clerk undelivered.  On February 10, 2006, Plaintiff filed a notice of address change, doc. 8.  In an abundance of caution, the court entered one final order directing the amended complaint and directed the clerk to mail it to his current address.  Plaintiff was specifically warned that a recommendation would be made that this case be dismissed if there was a failure to comply with that order.  Doc. 11.  To date, no response has been received from the Plaintiff.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  <u>Moon v. Newsome</u>, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Since Plaintiff has failed to comply with an order or to prosecute this case, this complaint should now be dismissed without prejudice.

Plaintiff shall have a 15 day period after service of this report and recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for this failure to respond.  Plaintiff may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2006.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.